1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JOSE APOLINAR OLIVERA (CABN 279741)
   Assistant United States Attorney
5      1301 Clay Street, Suite 340S
       Oakland, California 94612
6      Telephone: (510) 637-3924
       Fax: (415) 436-7009
7      Email: jose.olivera@usdoj.gov

8  Attorneys for United States of America

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  OAKLAND DIVISION

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | Case No. CR 4:17-114-JST |
| 13      Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF |
| 14  v. | ADDITIONAL DISCOVERY |
| 15  SHIV D. KUMAR, | |
| 16      Defendant. | |

17

18       Plaintiff the United States of America, through its undersigned attorney, and defendant Shiv D.

19  Kumar hereby stipulate to a protective order regarding additional discovery as follows:

20       Defendant Shiv D. Kumar was charged by Information with one count of making and

21  subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). (Dkt. No. 1.) On March 24, 2017,

22  Kumar pled guilty to Count 1 of the Information. On November 17, 2017, sentencing was continued

23  and a briefing schedule was set based on various concerns raised by the defense related to the plea

24  entered into by Defendant. The Government seeks to disclose additional discovery to the defense that

25  consists of memoranda of interview that may reveal the identity of a confidential witness (hereinafter

26  "ADDITIONAL DISCOVERY").

27  //

28  //

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 17-114-JST                    1

The Parties agree that disclosure of the ADDITIONAL DISCOVERY is subject to the following restrictions:

1. The Government will provide the ADDITIONAL DISCOVERY pursuant to the terms of this protective order. The government may designate discovery as confidential and subject to a protective order by marking or noting that the ADDITIONAL DISCOVERY is "CONFIDENTIAL ADDITIONAL DISCOVERY" and, where applicable, shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

2. The following individuals (the "defense team") may obtain and examine the ADDITIONAL DISCOVERY under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

   a. Counsel for defendant;
   b. Persons directly employed by defense counsel who are assisting with the preparation of the defense;
   c. Defendant, but only in the presence of his attorney;
   d. Any expert retained on behalf of the defendant to assist in the defense of this matter;
   e. Any investigator retained on behalf of defendant to assist in the defense of this matter.

3. Members of the defense team agree to treat the ADDITIONAL DISCOVERY as confidential, meaning that they will not provide the ADDITIONAL DISCOVERY to anyone outside the defense team without stipulation of the parties or a Court order, and will not divulge the identity of a confidential witness obtained from the ADDITIONAL DISCOVERY or the contents of the ADDITIONAL DISCOVERY to anyone outside the defense team without the stipulation of the parties or a Court order.

4. Defendant shall only have access to the ADDITIONAL DISCOVERY in the presence of his attorney for the purpose of preparing a defense and for no other purpose. The Defendant may not have

physical possession of the ADDITIONAL DISCOVERY outside of the presence of his attorney. The remaining members of the defense team identified in paragraph 2, above, shall maintain physical control and possession of the ADDITIONAL DISCOVERY and not permit the ADDITIONAL DISCOVERY provided pursuant to this Order to be outside of their offices, homes, vehicles, or personal control.

    5. The ADDITIONAL DISCOVERY may not be attached to any pleadings or other court submissions that are publically filed. The information contained in the ADDITIONAL DISCOVERY may not be contained in any pleadings or other court submissions that are publically filed. The ADDITIONAL DISCOVERY may be filed or lodged under seal, with an order from the Court and pursuant to the procedures set forth in the Criminal and Civil Local Rules for the United States District Court for the Northern District of California.

    6. If defense counsel determines that additional persons are needed to review the ADDITIONAL DISCOVERY or information therefrom, he or she must obtain a further order of the Court before allowing any other individual to review the ADDITIONAL DISCOVERY.

    7. A copy of this Order shall be maintained with the ADDITIONAL DISCOVERY or therefrom at all times.

    8. All individuals other than defense counsel who receive access to the ADDITIONAL DISCOVERY therefrom, <u>prior to receiving access to the ADDITIONAL DISCOVERY</u>, shall sign a copy of this Order acknowledging that:

        a. they have reviewed the Order;

        b. they understand its contents;

        c. they agree that they will only access the ADDITIONAL DISCOVERY or information therefrom for the purposes of preparing a defense for Defendant;

        d. they agree that witness name and other identifying information will not be disclosed to anyone outside of the defense team; and

        e. they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for Defendant shall maintain in his files signed copies of the Order to be made available upon request under seal to the Court.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 17-114-JST     3

9. Review of the ADDITIONAL DISCOVERY shall be done in a secure environment which will not expose the materials to other individuals not listed above in paragraph 2.

10. The ADDITIONAL DISCOVERY may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

11. The defense team shall return the ADDITIONAL DISCOVERY (and any duplicate copies of the same) to the United States 30 days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal, upon notification by government counsel. This order shall apply even after a conviction and during the pendency and resolution of any appeal, until such time as the materials are returned.

12. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the ADDITIONAL DISCOVERY. The United States will maintain the ADDITIONAL DISCOVERY until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the ADDITIONAL DISCOVERY. In the event Defendant is represented by counsel and has filed a notice of appearance pursuant to 28 U.S.C. § 2255, the United States will upon request provide that counsel with a copy of the ADDITIONAL DISCOVERY under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the District Court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the District Court's denial of the motion, whichever is later.

13. Notwithstanding the provisions of this Protective Order, the United States will continue to keep confidential the identity and contact information of any confidential witness. Defendant and his attorney are not prohibited from requesting, or moving the Court to compel, such information at a later date.

14. Defendant agrees not to contact, directly or indirectly, any confidential witness identified in, or whose identity is learned from, the ADDITIONAL DISCOVERY before the resolution of this case,

including appeals. This contact includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses. Nothing in this paragraph shall prohibit the Defendant's attorney or staff from contacting a confidential witness in connection with preparing a defense in this case.

**IT IS SO STIPULATED.**

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

Dated: 12/8/2017

JOSE A. OLIVERA
Assistant United States Attorneys

Dated: Dec. 7, 2017

SANJAY BHANDARI
Counsel for Defendant Shiv Kumar

Dated: 12/7/17

SHIV D. KUMAR
Defendant

INTERPRETER CERTIFICATION

I, Kamaljit Judge, hereby certify that I am a certified Punjabi language interpreter and that I accurately translated this Stipulation and [proposed] Protective Order Regarding the Production of Additional Discovery to the defendant.

Dated: 12/5/2017

Kamaljit Judge
Interpreter's Signature
Certification Number 301520

[PROPOSED] ORDER

IT IS SO ORDERED that disclosure of the above-described Additional Discovery and contact with confidential witnesses shall be restricted as set forth above.

DATED: December 11, 2017

HONORABLE JON S. TIGAR
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 17-114-JST                           5