# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>        Plaintiff,<br>v.<br>SHIV D. KUMAR,<br>        Defendant. | Case No. 17-cr-00114-JST-1<br><br>**ORDER SETTING ASIDE PLEA**<br>Re: ECF No. 39 |

Before the Court is Defendant Shiv D. Kumar's motion to set aside his guilty plea, or in the alternative, to set a new sentencing hearing. ECF No. 39. The Court will grant the motion.

## I. BACKGROUND

On March 7, 2017, Kumar was charged in an information with one count of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). ECF No. 1. On March 22, 2017 Kumar entered a plea of not guilty and waived his indictment. ECF No. 4. On March 24, 2017, Kumar changed his plea, and pleaded guilty in a plea agreement to one count of violating 26 U.S.C. § 7206(1). ECF Nos. 8, 9. Kumar was not assisted by an interpreter during his change-of-plea hearing. ECF No. 23. Kumar's plea agreement explained that as the President of a transportation company for disabled individuals, he knowingly and intentionally filed false tax returns in 2009 and 2010. ECF No. 9 ¶ 2. Kumar's underreporting led to a cumulative tax loss to the United States of $1,584,055. Id. The Court held a sentencing hearing on October 6, 2017. ECF No. 19. During the hearing, the Court pronounced a custodial sentence, three years of supervised release, and restitution in an amount to be determined. Id. However, the proceedings "were halted before pronouncement of sentence was complete due to [Kumar] experiencing a medical emergency." Id. ¶ 4. The Court continued the hearing to November 17, 2017. Id.

On November 7, 2017, Kumar substituted his current counsel, Sanjay Bhandari, of McNamara Smith LLP, for his former counsel, Chris Cannon and Roger Patton of Sugarman & Cannon. ECF No. 27.

On November 15, 2017, Kumar filed a motion to continue sentencing, or in the alternative for specified relief from ineffective assistance of counsel. ECF No. 30. At the November 17, 2017 sentencing the Court did not complete sentencing and instead set a briefing schedule for the present motion. ECF No. 34.[1]

Kumar now asks the Court to invalidate his guilty plea, or in the alternative, to set the case for a new sentencing hearing. ECF No. 39 at 2-3.[2] Kumar argues the change of plea hearing was rendered invalid by his prior counsel's failure to provide an interpreter, object to a material misstatement of mens rea, and disclose side assurances pertaining to voluntariness. Id. As for the sentencing-related violations, Kumar argues that prior counsel had a conflict of interest between Kumar and his family members, failed to object to violations of Kumar's right to have sentencing limited to the agreed scope, failed to object to improper sentencing arguments, and failed to object to a three year supervised release term. Id. at 2-3.[3]

## II.  LEGAL STANDARD

Under Rule 11 of the Federal Rules of Criminal Procedure, a defendant may withdraw his plea after the Court accepted it but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The fair and just standard "is generous and must be applied liberally." United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008).

Where the record does not support the conclusion that a guilty plea was knowing, intelligent, and voluntary, the plea must be set aside. McCarthy v. United States, 394 U.S. 459,

---

[1] Because the Court continued the sentencing hearing on November 17, 2017, the Court vacates as moot the motion at ECF No. 30.

[2] Kumar waives any challenge to the validity of the waiver of indictment. ECF No. 39 at 2 n.1.

[3] Although Kumar's motion is styled as a motion for ineffective assistance of counsel, the Court need not reach the question of counsel's effectiveness because it concludes the plea was invalid because it was not knowing, intelligent, and voluntary. ECF No. 39.

2

466 (1969) (if a plea is not "voluntary and knowing, it has been obtained in violation of due process and is therefore void"); United States v. Pena, 314 F.3d 1152, 1157-58 (9th Cir. 2003). For a guilty plea to pass constitutional muster, the record must make an "affirmative showing" that the defendant waived his constitutional rights knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238, 242 (1969); see also Parke v. Raley, 506 U.S. 20, 29 (1992). The decision to set aside the plea is within this Court's discretion. United States v. Ruiz, 257 F.3d 1030, 1033 (9th Cir. 2001).

## III. DISCUSSION

### A. Imposition of Sentence

As an initial matter, the Government contends that the Court completed imposition of sentence on October 6, 2017 such that Kumar's motion to withdraw his guilty plea is not timely. ECF No. 42 at 14-16; Fed. R. Crim. P. 11(e), 35(c). Under Rule 35(c) of the Federal Rules of Criminal Procedure, the imposition of a sentence is defined as "the oral pronouncement of the sentence." Fed. R. Crim. 35(c). A sentence is final where there is a "formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished." United States v. Ochoa, 809 F.3d 453, 458–59 (9th Cir. 2015) (citing United States v. Luna-Acosta, 715 F.3d 860, 865 (10th Cir. 2013)) (concluding that a revision in the custodial length within the same hearing, but after advisement of the right to appeal, was permissible). For example, a sentence is final "after the district court stated that the sentencing hearing was concluded." United States v. Aguirre, 214 F.3d 1122, 1124 (9th Cir. 2000); c.f. United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011) (concluding that a sentence was imposed even when there remained an issue of non-binding housing recommendation within the Bureau of Prisons).

The Court concludes in this instance that the sentencing hearing was not final. The court adopted the Presentence Report, made findings about the offense level and guidelines range, pronounced a custodial sentence and supervised release term, explained the additional conditions, and set a special assessment. ECF No. 22 at 4-17. However, because Kumar suffered a medical emergency in the middle of sentencing, the Court did not set a surrender date or advise Kumar of his right to appeal. Id. at 17-20; c.f. 18 U.S.C. § 3664(d)(5) (providing that restitution may be

1 addressed within 90 days after sentencing). In fact, the Court expressly stated that it was

2 continuing the sentencing hearing, and the parties agreed upon the additional sentencing matters to

3 be addressed at the continued sentencing hearing. ECF No. 22 at 20. On this record, the Court

4 cannot reasonably conclude that Kumar has been sentenced. See Ochoa, 809 F.3d at 458–59.

## B. Withdrawal of Plea

Turning to the merits of the motion, Kumar argues that the Court should set aside his guilty plea for three reasons: (1) his prior counsel failed to provide an interpreter, and Kumar did not understand English when he entered the plea; (2) prior counsel had a conflict of interest because he negotiated assurances to protect Kumar's family members in exchange for his guilty plea while representing both Kumar and the family members; and (3) prior counsel permitted the Court incorrectly to state the intent element of the charge against him. ECF No. 39 at 5 (citing Cheek v. U.S., 498 U.S. 192, 201 (1991) ("Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty."); see also ECF No. 30 at 15. Because Kumar entered a plea but has not yet been sentenced, his efforts to withdraw his plea fall under the permissive standards of Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(d)(2)(B) (allowing the court in its discretion to withdraw a guilty plea the defendant can show a "fair and just reason for requesting the withdrawal").

The Court first examines whether the plea agreement should be set aside because Kumar did not adequately understand English when he entered it. To determine whether a defendant comprehended his plea agreement, the court examines the thoroughness of the Rule 11 plea colloquy, as well as additional direct and circumstantial evidence in the record. United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003). In Nostratis, the Ninth Circuit affirmed the district court's conclusion that the Defendant spoke sufficient English. The Court noted the thoroughness of the Rule 11 plea colloquy, Nostratis' use of English in both the Rule 11 hearing and the hearing on his lawyer's motion to withdraw as counsel, and the testimony of his prior attorney and the probation officer during the hearing on Nostratis' motion to withdraw his guilty plea. Id. at 1208. The court also "reasoned that the length of time between Nostratis' plea and his plea withdrawal

motion, combined with his knowledge of his likely sentence due to the presentence report, weakened his argument." Id.; see also United States v. Zeng, No. CR05-00465JSW, 2007 WL 902380, at *3 (N.D. Cal. Mar. 22, 2007) (granting motion to withdraw guilty plea because Defendant did not understand English).

Here, it is obvious to the Court that Kumar is unhappy about the custodial sentence the Court imposed in October, which was higher than the probationary sentence recommended both in the presentence report and by his lawyer. In all other respects, however, this case is distinguishable from Nostratis. Most importantly, there is substantially less evidence before this Court that Kumar speaks English well enough to knowingly and intelligently waive his rights in a criminal proceeding, and a great deal of evidence that he does not. Kumar's Presentence Report concludes that he "last attended school in the 8th grade in India[,] . . . is fluent in his native language of Punjabi[, and] speaks English, but can only read and write simple English words." ECF No. 10 ¶ 44. In hindsight, now that his responses in the plea colloquy are subject to scrutiny, they do not inspire confidence in his ability to comprehend difficult concepts in English. See, e.g., ECF No. 23 6:15-19 ("The Court: Mr. Kumar, how far did you go in school?, The Defendant: Eighth grade pass, The Court: Beg your pardon?, The Defendant: Eighth grade pass. Eight grade in India."); Id. at 18:5-13 ("The Court: . . . What did you do that makes you guilty of this crime?, The Defendant: One of the bank account is not showing onto the tax return . . . . Just -- that bank account is opened, and, you know, the -- somehow is, you know, just -- you know, the -- is not on that tax return on -- . . . ."). Kumar also submitted a declaration by Sally Shaffer, a professional English language ability evaluator. She assessed Kumar and determined that his English language ability was at the second lowest of six levels. ECF Nos. 30-3 ¶ 5; 30-4 at 4. She concluded that "someone with Mr. Kumar's level of English is . . . able to understand clearly articulated speech about areas of immediate personal relevance and experience, but likely not propositionally and linguistically complex speech on abstract topics, . . . and able to understand short, simple texts on familiar matters or job-related language, but not lengthy or complex texts." ECF No. 3-3 ¶ 5.[4]

---

[4] Notably, Kumar's counsel offered to have Kumar sit for an English test or examination at the Government's request, but the Government declined. ECF No. 55 at 10.

Kumar's counsel also declared that Kumar has difficulty understanding English. ECF No. 30-1 at 4. Moreover, in his own declaration, Kumar explained that because of his "limited English, at least half of what was discussed in Court in this case was not clear to" him. ECF No. 39-2 at 2. The Court concludes that Kumar did not understand English well enough to comprehend his plea agreement.[5] Nostratis, 321 F.3d at 1210. His plea is therefore invalid.

Because the Court concludes that Kumar's plea was invalid because of his inability sufficiently to speak and understand English, it need not consider his remaining arguments or address his contentions regarding his sentence.

## CONCLUSION

For the foregoing reasons, the Court concludes that Kumar's guilty plea must be set aside.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
JON S. TIGAR
United States District Judge

---

[5] In its opposition, the Government makes much of the fact that Kumar sat for a deposition before the IRS. The deposition transcript does not help the Government. For example, it includes this exchange:

> MR. FELDHAMMER: Okay. Did they ever talk to you about the price of the contract that you were going to charge?
> MR. KUMAR: Well, they show me the price, you know, show me the price. I asked them if it's okay, you know, it's right, so then just go ahead on.
> MR. FELDHAMMER: So you approved it solely based on Shell's recommendation?
> MR. KUMAR: Recommend, yeah.
> MR. FELDHAMMER: Okay, so you had no ideas as to – you had no personal knowledge as to whether you were going to be able to make money based on the price you were bidding?
> MR. KUMAR: Like I say, they figure out and just I just –
> MR. FELDHAMMER: But, so you had no idea if you'd make a profit based on the number they were bidding, personally?
> MR. KUMAR: I assuming – I assume, just, you know.
> MR. FELDHAMMER: But you had never seen any numbers that showed that you would make a profit?
> MR. KUMAR: No. What number are you –
> MR. ACKERMAN: So when Shell –
> MR. KUMAR: You make me confused a lot now.

ECF No. 43 at 46-47.